Christopher E. Hanba (admitted *pro hac vice*)
Email: chanba@dickinson-wright.com
Joshua G. Jones (*pro hac vice* pending)
Email: jjones@dickinson-wright.com
DICKINSON WRIGHT PLLC
607 W. 3rd Street, Suite 2500
Austin, Texas 78701
Telephone:  (512) 770-4200
Facsimile:  (844) 670-6009

David Shane Brun (State Bar No.  179079)
Email: sbrun@kslaw.com
KING & SPALDING LLP
601 South California Avenue, Suite 100
Palo Alto, CA 94304
Telephone: (415) 318-1245
Facsimile:

Jonathan D. Baker (State Bar No. 196062)
Email:  jdbaker@dickinson-wright.com
Mark H. Rogge (State Bar No. 298381)
Email: mrogge@dickinson-wright.com
Dino Hadzibegovic (State Bar No. 267489)
DICKINSON WRIGHT RLLP
800 W. California Avenue, Suite 110
Sunnyvale, CA 94086
Telephone:  (408) 701-6100
Facsimile:  (844) 670-6009

Angela Tarasi (*pro hac vice* pending)
Email: atarasi@kslaw.com
KING & SPALDING LLP
1401 Lawrence Street, Suite 1900
Denver, CO  80220
Telephone: (720) 535-2319

*Attorneys for Defendants*
*F5, Inc. and Capital One Financial Corporation*

*Attorneys for Plaintiff*
*SunStone Information Defense, Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| SUNSTONE INFORMATION DEFENSE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>F5, INC.,<br>a Washington corporation, and CAPITAL ONE FINANCIAL CORPORATION, a Virginia Corporation<br><br>Defendant. | Case No. 4:21-cv-09529-YGR<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |

The Parties to the above-entitled action, Plaintiff SunStone Information Defense, Inc. ("SunStone") and Defendants F5, Inc. ("F5") and Capital One Financial Corporation ("Capital One"), jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to this Court's January 21, 2022 Order (Dkt. No. 78), the Standing Order for All Judges of the Northern District of California, and Civil Local Rule 16-9.

1.     **Jurisdiction & Service**

This Court has subject matter jurisdiction over SunStone's patent infringement claims and Defendants' counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a). The Eastern District of Virginia transferred this action to this Court under 28 U.S.C. § 1404(a) (Dkt. No. 59). Venue and personal jurisdiction are not contested.  Service has been effected on all of the Parties.

2.     **Facts**

a.     **Plaintiff's Statement**

SunStone asserts against Defendants willful infringement of U.S. Patent Nos. 9,122,870 ("'870 Patent"), 10,230,759 ("'759 Patent"), and United States Patent Application Serial No. 16/298,537 [1] (collectively, "Asserted Patents").  The Asserted Patents are directed to communications between servers and client devices.  The patented inventions create an extended set of codewords for use with a user of a client device to validate that a malicious application is not interfering with communications. Dr. Ford conceived of SunStone technology from his experiences providing information security consulting services in Silicon Valley for the banking industry. The SunStone solution has proven to be almost impenetrable to malicious system attacks which has been recognized by the U.S. Government.  SunStone's technology has been commercially implemented, including by the NSA.

F5 willfully infringed the Asserted Patents through its products operating on websites by changing the source code constantly to prevent automated attacks. In late 2013, Dr. Ford reached out to Ted Schlein at Kleiner Perkins, who was an investor and member of Shape's Board of Directors, notifying Mr. Schlein of SunStone's patented technology. Shape subsequently incorporated SunStone's technology in its products and patent applications.

b.     **Defendants' Statement**

On January 1, 2021, SunStone filed the present action against F5 and Capital One asserting infringement of the '870 Patent, the '759 Patent, and U.S. Patent Application Serial No. 16/298,537, which has since issued as U.S. Patent No. 10,958,682.  In its Complaint, SunStone

---

[1] Since the filing of the Complaint, Application Serial No. 16/298,537 issued as U.S. Patent No. 10,958,682.  SunStone moved to amend its Complaint to allege the '682 Patent (Dkt. No. 56).

alleges that F5 and Capital One directly and indirectly infringe the Asserted Patents by making, using, selling, or offering to sell "Shape Connect, ShapeShifter Elements, Shape Defense, Shape Enterprise Defense, Shape AI Fraud Engine, and Silverline Shape Defense and other solutions with the same or similar features." *See, e.g.,* Dkt. 1 at ¶ 206.  The infringement allegations directed to Capital One are based on it being a F5 customer utilizing the accused products. The accused products were designed and developed by Shape Security, Inc., a company founded in 2011 to disrupt automated attacks on web and mobile applications.  F5 acquired Shape in January 2020.

F5 filed its Answer and Counterclaims on March 19, 2021.  *See* Dkt. 25.  Capital One also filed its Answer and Affirmative Defenses on March 19, 2021.  *See* Dkt. 26.  Capital One is a customer of F5. As such, Capital One does not have any information relevant to SunStone's claim of infringement.  *See, e.g.,* Dkt. 25 at ¶ 189.  F5 and Capital One deny that they or any of their accused products infringes or has infringed any claim of the Asserted Patents.  F5 and Capital One further deny that SunStone is entitled to any monetary and/or other relief whatsoever.   F5 contends the Asserted Patents are invalid.   SunStone's allegations of infringement are unsupported by fact or law and are completely without merit; and this case is exceptional under 35 U.S.C. § 285 and F5 should receive an award of its attorneys' fees and costs incurred in connection with this action.  On January 26, 2022, F5 filed petitions for *Inter Partes* Review of the '870 Patent, the '759 Patent, and the '682 Patent with the U.S. Patent and Trademark Office.   *See* IPR2022-00482, IPR2022-00483, IPR2022-00484.   The U.S. Patent Trial and Appeal Board's ("PTAB") institution decision is expected by July 26, 2022.

**3.     Legal Issues**

**a.     Plaintiff's Statement**

This case raises at least the following legal issues: (1) Whether F5 and/or Capital One directly infringes one or more claims of the Asserted Patents; (2) Whether F5 and/or Capital One induced infringement of one or more claims of the Asserted Patents; (3) Whether F5 and/or Capital One contributed to infringement of one or more claims of the Asserted Patents; (4) Whether the Asserted Patents are valid under 35 U.S.C. §§ 101, 102, 103 and/or 112; (5)

Assuming liability, the amount of damages owed to SunStone by F5 and/or Capital One for their infringement; (6) Assuming liability, whether F5 and/or Captial One's infringement was willful under 35 U.S.C. § 285; (7) Assuming liability, whether SunStone SunStone is entitled to injunctive relief; and (8) Whether this is an exceptional case entitling SunStone to reasonable attorneys' fees, costs, and disbursements pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927, or any other applicable authority.

      **b.**      **Defendants' Statement**

This case raises at least the following legal issues: (1) Whether Sunstone has the necessary rights in the Asserted Patents to have standing to bring this lawsuit; (2) Whether F5 and/or Capital One directly infringes one or more claims of the Asserted Patents; (3) Whether F5 and/or Capital One induced infringement of one or more claims of the Asserted Patents; (4) Whether F5 and/or Capital One contributed to infringement of one or more claims of the Asserted Patents; (5) Whether the Asserted Patents are valid under 35 U.S.C. §§ 101, 102, 103 and/or 112; (6) Whether, assuming liability, SunStone suffered any damages provided for by 35 U.S.C. § 284 and whether any such damages are limited under 35 U.S.C. § 287; (7) Whether SunStone can show sufficient facts to establish willfulness under 35 U.S.C. § 285; (8) Whether SunStone can show sufficient facts to establish the necessary requirements for injunctive relief; (9) Whether SunStone's claims are barred under any equitable doctrine; (10) Whether SunStone's claims for relief are barred in whole or in part by an express or implied license, and/or the patent exhaustion doctrine; and (11) Whether this is an exceptional case entitling F5 and/or Capital One to reasonable attorneys' fees, costs, and disbursements pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927, or any other applicable authority.

      **4.**      **Motions**

      **a.**      **Plaintiff's Statement**

SunStone filed an unopposed motion to amend its complaint (Dkt. No. 56). As stated above and in its supporting memorandum (Dkt. No. 57), since the filing of the Complaint, U.S. Application Serial No. 16/298,537 issued as U.S. Patent No. 10,958,682 and SunStone seeks to assert the '682 Patent in place of the '537 Application. The Motion is still pending.

SunStone anticipates filing a motion for summary judgment at the close of discovery in this case, or at such other time as the Court may permit. SunStone does not currently intend to file any other dispositive motions but reserves the right to do so.

**b.      Defendants' Statement**

**A Stay Pending Completion of the IPRs Is the Most Efficient Course**

As discussed above, the Asserted Patents are subject to multiple IPRs, filed on January 26, 2022. IPR institution decisions are thus expected by July 26, 2022. The outcomes of the filed IPRs will have material impacts on the invalidity issues presented in this case.  It would be most efficient to stay the case until all pending IPRs are resolved. Such a stay will avoid potentially conflicting constructions and applications of relevant claim language, sidestep multiple rounds of depositions and discovery motions regarding common/overlapping issues, and prevent potentially needless litigation effort as to patents that may be declared invalid.

**Other Motions**

The parties have agreed to stay SunStone's claims against Capital One pending the outcome of the F5 litigation, mooting Capital One's pending Motion to Sever and Stay.  The parties will file a joint motion and/or stipulation on this issue.

F5 anticipates filing a motion contesting the eligibility of the asserted patents under 35 U.S.C. § 101.  F5 also expects filing motions for summary judgment at the close of fact discovery.

**5.      Amendment of Pleadings**

On October 7, 2021, SunStone filed its unopposed Motion to Amend its Complaint and Supporting Memorandum while this case was pending in the Eastern District of Virginia (Dkt. Nos. 56 and 57).  The Motion to Amend is still pending.

**6.      Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and are conferring pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.      Disclosures**

The Parties intend to exchange the initial disclosures required by Fed. R. Civ. P. 26 on March 28, 2022. SunStone will serve the disclosures required by Patent Local Rule 3-1, on March 28, 2022, and Defendants will serve the disclosures required by Patent Local Rule 3-3 on May 12, 2022.

**8.      Discovery**

The Parties have not begun discovery and are in the process of meeting and conferring on the parameters associated with the production of electronically stored information ("ESI").

The parties will be working toward reaching agreement on a protective order based on the N.D. Cal. Model. Discovery is anticipated to include relevant employees of the parties and various third parties. The parties will submit an e-discovery order in accordance with the Court's Local Rules. At this time, there are no identified discovery disputes.

The Parties propose that discovery be conducted in two phases, fact and expert, as reflected in the proposed schedule attached as Exhibit 1.

**a.      Discovery Limitations**

<u>Email Production</u>

The parties agree to meet and confer in good faith prior to seeking discovery of emails regarding such discovery (including appropriate limits on custodians and search terms).

<u>Other Limits on Discovery</u>

The parties agree to the limits set forth in the Federal Rules of Civil Procedure. The parties further propose to modify the scope of discovery as follows:

*Requests for Admission*

Each Party is limited to twenty-five (25) requests for admission, excluding those directed solely to authenticating exhibits for trial.

*Depositions*

Each Party is limited to seventy (70) hours of deposition, and no more than twenty (20) total depositions, excluding experts.  Depositions will be limited to seven (7) hours pursuant to the Federal Rules.  A party shall be entitled to seven (7) hours of deposition time for each

separate witness designated under Rule 30(b)(6) regardless of whether such witness has been, or will be, deposed under Rule 30(b)(1). The parties may agree to additional time (greater than seven (7) hours) for any witness. Expert witness depositions will not count against the deposition time or number limits described above. Expert witness depositions will be limited to seven (7) hours per report served.

Privilege Log

The parties need not log privileged communications related to the litigation that postdate the filing of SunStone's Complaint.

Voicemails and Mobile Devices

Voicemails and information stored on mobile devices need not be collected or preserved

**b.      Topics Required Under Patent Local Rule 2-1.**

**1.      Proposed modification of obligations or deadlines set forth in the Patent Local Rules.**

The parties have set forth a proposal concerning the timing of the required Patent L.R. disclosures as set forth in Section 17 ("Scheduling").

**2.      The scope and timing of any claim construction discovery (including disclosure of and discovery from any expert witness permitted by the Court) and damages discovery.**

The parties' proposal concerning the timing of claim construction and damages discovery are set forth below in Section 17 ("Scheduling").

**3.      The format of the Claim Construction Hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing.**

The parties do not currently believe that live testimony will be necessary at the claim construction hearing. But as the case is at an early stage, the parties reserve the right to offer live testimony at the claim construction hearing. The parties are presently unsure of the length they would request for the claim construction hearing but expect approximately a half day.

**4.      How the Parties intend to educate the Court on the technology at issue.**

The parties agree to a separate technology tutorial in accordance with the Court's standing order.  F5 would like the option to have a technical specialist from F5 or expert witness

present the tutorial.

### 5.    Non-binding, good faith estimate of the damages range.

**Plaintiff's Statement**

SunStone cannot provide a useful good faith estimate of the damages range expected for this action at least because it has not yet received information from Defendants, Defendants' affiliates, and Defendants' customers relating to prior licenses, sales and revenue data, and costs associated with developing the patented technology.  SunStone presumes that it will be in a position to provide its damages estimate and explanation after it receives that information.

**Defendants' Statement**

SunStone is not entitled to any damages.

### c.    Other Orders Under Fed. R. Civ. P. 26(c) and 16(b).

The parties jointly request that a scheduling order issue setting the dates they propose in Section 17 ("Scheduling").

### 9.    Class Actions

The above-identified action is not a class action.

### 10.    Related Cases

There is currently pending in the United States District Court for the Western District of Texas, *SunStone Information Defense, Inc. vs. International Business Machines Corporation*, 6:20-cv-01033-ADA, which involves the '870 and '682 Patents asserted in this case.   The Western District of Texas issued a claim construction order in that case, fact and expert discovery are closed, and the case is scheduled for trial beginning August 8, 2022.

In addition, on January 25, 2022, Defendant F5, Inc. petitioned the U.S. Patent and Trademark Office for *Inter Partes* Review of the '870, '682, and '759 Patents asserted in this case.   *See* IPR2022-00482, IPR2022-00483, IPR2022-00484. The PTAB must determine whether to institute a trial within six month of the filing date accorded by the PTAB. *See* 37 C.F.R. §§ 42.107(b) and 42.207(b); 35 U.S. Code § 314(b).

### 11.    Relief

### a.    Plaintiff's Statement

SunStone seeks monetary damages for this infringement, 35 U.S.C. § 284, in no event less than a reasonable royalty. SunStone also seeks a permanent injunction, 35 U.S.C. § 283, precluding future infringement by Defendants.   Because Defendants' infringement has been willful, SunStone seeks treble damages under 35 U.S.C. § 284. Because this is an exceptional case under 35 U.S.C. § 285, SunStone seeks its attorneys' fees, pre- and post-judgment interest, and taxation of SunStone's costs to Defendants. SunStone asks for an award of any other and further relief, including a permanent injunction, as the Court may deem just and proper.

**b.      Defendants' Statement**

F5 and Capital One have not infringed, and are not infringing, any claim of the patents-in-suit, whether directly or indirectly. In addition, the patents-in-suit are invalid.  F5 and Capital One seek a dismissal of SunStone's claims in their entirety and with prejudice and a finding that SunStone takes nothing away from its complaint. F5 and Capital One also seek any appropriate costs and attorneys' fees pursuant to 35 U.S.C. § 285 and such further relief as the Court may deem appropriate under the circumstances.

**12.      Settlement and ADR**

The Parties intend to participate, if necessary, in Mediation after this Court issues its Claim Construction Order.

**13.      Consent to Magistrate Judge for All Purposes**

The parties do not consent to having a Magistrate Judge conduct all further proceedings including trial and entry of judgement.

**14.      Other References**

The Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.      Narrowing of Issues**

The Parties will continue to seek to narrow the disputed legal issues through the Patent Local Rule disclosure requirements, written discovery, depositions, and motions practice, including motions for summary judgement.

1

**16.    Expedited Trial Procedure**

2

The Parties do not believe that this is the type of case that can be handled under the

3

Expedited Trial Procedure of General Order 64, Attachment A.

4

**17.    Scheduling**

5

The parties proposed schedule is attached as **Exhibit 1**.

6

**18.    Trial**

7

The parties estimate a jury trial will require approximately 7 court days.

8

**19.    Disclosure of Non-party Interested Entities or Persons**

9

The parties have each filed the Certification of Interested Entities or Person required by

10

Civil Local Rule 3-15 and the Corporate Disclosure Statement required by Rule 7.1 of the

11

Federal Rules of Civil Procedure.

12

**20.    Professional Conduct**

13

All attorneys of record for the Parties have reviewed the Guidelines for Professional

14

Conduct for the Northern District of California.

15

**21.    Other**

16

The parties consent to e-mail service pursuant to Federal Rules of Civil Procedure

17

5(b)(2)(E). The parties may continue to serve by any permissible method of their choice. This

18

agreement does not require separate service of documents filed on ECF, service of which shall

19

continue to be effective on the parties. The parties agree that a courtesy copy of any document to

20

be served by a method other than e-mail or ECF will be sent to the attorneys of record for the

21

receiving party by e-mail on the date service is made. The parties are not presently aware of any

22

other matters at this time that may facilitate the just, speedy, and inexpensive resolution of this

23

matter.

24

25

26

27

28

1    Dated: March 7, 2022                          Respectfully submitted,

2    DICKINSON WRIGHT PLLC                         KING & SPALDING LLP

3

4    */s/ Christopher E. Hanba*                     */s/ David Shane Brun*
     Christopher E. Hanba                           David Shane Brun

5    Christopher E. Hanba (admitted pro hac vice)   David Shane Brun (State Bar No.  179079)
     Email: chanba@dickinson-wright.com             Email: sbrun@kslaw.com
6    Joshua G. Jones (pro hac vice pending)         **KING & SPALDING LLP**
     Email: jjones@dickinson-wright.com             601 South California Avenue, Suite 100
7    **DICKINSON WRIGHT PLLC**                       Palo Alto, CA 94304
     607 W. 3rd Street, Suite 2500                  Telephone: (415) 318-1245
8    Austin, Texas 78701                            Facsimile:
     Telephone:  (512) 770-4200
9    Facsimile:  (844) 670-6009                     Angela Tarasi (pro hac vice pending)
                                                    Email: atarasi@kslaw.com
10   Jonathan D. Baker (State Bar No. 196062)       **KING & SPALDING LLP**
     Email:  jdbaker@dickinson-wright.com           1401 Lawrence Street, Suite 1900
11   Mark H. Rogge (State Bar No. 298381)           Denver, CO  80220
     Email: mrogge@dickinson-wright.com             Telephone: (720) 535-2319
12   Dino Hadzibegovic (State Bar No. 267489)
     **DICKINSON WRIGHT RLLP**
13   800 W. California Avenue, Suite 110            ***Attorneys for Defendants***
     Sunnyvale, CA 94086                            ***F5, Inc. and Capital One Financial***
14   Telephone:  (408) 701-6100                     ***Corporation***
     Facsimile:  (844) 670-6009
15

16   ***Attorneys for Plaintiff***
     ***SunStone Information Defense Inc.***

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: March 7, 2022                              DICKINSON WRIGHT PLLC


By: */s/ Christopher E. Hanba*
Christopher E. Hanba (admitted *pro hac vice*)

Attorneys for Plaintiff SunStone Information Defense, Inc.

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.


**IT IS SO ORDERED**


Dated: _____          _____

                                  HONORABLE Yvonne Gonzalez Rogers
                                  UNITED STATES DISTRICT COURT JUDGE