1

2

3                    UNITED STATES DISTRICT COURT

4                   NORTHERN DISTRICT OF CALIFORNIA

5

6    SUNSTONE INFORMATION DEFENSE, INC.,        CASE NO. 21-cv-09529-YGR

7                   Plaintiff,                  ORDER GRANTING PLAINTIFF SUNSTONE
                                                INFORMATION DEFENSE, INC.'S
8            vs.                                UNOPPOSED MOTION TO VACATE
                                                JUDGMENT AND CLAIM CONSTRUCTION
9    CAPITAL ONE FINANCIAL CORPORATION,         ORDER

10                  Defendant.                  Re: Dkt. No. 164

11

12          Pending before the Court is plaintiff SunStone Information Defense, Inc.'s ("SunStone")

13   unopposed motion to vacate judgment and claim construction order (Dkt. No. 164 ("Mot.")).

14   Having carefully considered the papers submitted, and for the reasons set forth below, the Court

15   **GRANTS** SunStone's motion.

16          On January 22, 2021, SunStone filed suit against defendants F5, Inc. ("F5") and Capital

17   One Financial Corporation ("Capital One") for alleged infringement of U.S. Patent Nos.

18   9,122,870, 10,230,759, and 10,958,682 (collectively, the "Asserted Patents"). (Dkt. No. 1.) On

19   March 30, 2023, the Court issued its claim construction order, finding "certain disputed terms

20   appearing in the asserted claims of the Asserted Patents [] indefinite, rendering the asserted claims

21   of the Asserted Patents invalid." (Mot. at 6.) On May 26, 2023, the parties filed a joint stipulation

22   of dismissal and entry of final judgment, and on May 30, 2023, the Court granted the parties'

23   stipulation. (Dkt. No. 154.) SunStone appealed the Court's claim construction order and final

24   judgment to the Federal Circuit, and as SunStone's appeal was pending, the parties executed a

25   settlement agreement.[1] (Mot. at 6.) SunStone subsequently "move[d] for remand with

26

27          [1] SunStone also moves for leave to file the parties' settlement agreement under seal. (Dkt.
     No. 163.) The Court finds there is good cause to file the parties' settlement agreement under seal.
28   Accordingly, SunStone's motion for leave to file under seal is **GRANTED**.

United States District Court
Northern District of California

1  instructions for the district court to consider vacatur in light of settlement[.]" (Dkt. No. 162.) The

2  Federal Circuit granted SunStone's motion. (*Id*.)

3        In determining whether a request for vacatur should be granted, district courts consider (1)

4  "the consequences and attendant hardships of dismissal or refusal to dismiss," (2) "the competing

5  values of finality of judgment and right to relitigation of unreviewed disputes," and (3) "the

6  motives of the party whose voluntary action mooted the case and the public policy against

7  allowing a losing party to buy an eraser for the public record." *Ayotte v. Am. Econ. Ins. Co.*, 578

8  F. App'x 657, 659 (9th Cir. 2014) (quotation omitted). Here, all three considerations weigh in

9  favor of vacatur. First, F5 does not oppose SunStone's motion to vacate, and the parties'

10 settlement agreement resolves disputes "regarding *all* of SunStone's patents that SunStone could

11 assert against F5[,]" which "spares the parties and the judicial system the burden of further

12 litigation[.]" (Mot. at 9 (emphasis in original).) Second, the parties' settlement agreement

13 promotes "finality of judgement" as it "resolve[s] all issues and release[s] all claims between the

14 parties, including those pending on appeal." (*Id*. at 10.) Finally, "vacatur [was] not a primary

15 motive for settlement" as the parties' settlement agreement was not conditioned on vacatur. (*Id*.)

16 Accordingly, the Court finds vacatur is appropriate in this case. *See Cisco Sys. Inc. v. Arista*

17 *Networks, Inc.*, No. 14-CV-05344-BLF, 2018 WL 11370984, at *2 (N.D. Cal. Oct. 1, 2018)

18 (granting the parties' motion for vacatur where vacatur "would spare the parties and the judicial

19 system the burden of further litigation" and "serve the 'value of finality' in this litigation and

20 would not upset the 'right to relitigation of unreviewed disputes"); *Cotton ex rel. McClure v. City*

21 *of Eureka, Cal.*, No. C 08-4386 SBA, 2012 WL 6052519, at *2 (N.D. Cal. Dec. 5, 2012) (granting

22 the parties' motion for vacatur where "no hardship [was] likely to result from vacating the

23 judgment" and "the settlement w[ould] finally resolve all disputes between the parties").

24       For the foregoing reasons, SunStone's motion to vacate (Dkt. No. 164) is **GRANTED**.

25 This order terminates Docket Number 165 as moot.

26       **IT IS SO ORDERED.**

27

28

United States District Court
Northern District of California

2

Dated: February 28, 2025

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**